UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

VICTORY ASAD EL BEY, f/k/a VINSON MCCRAE,

                      Plaintiff,

           v.

NATIONSTAR MORTGAGE LLC, SHAPIRO, DiCARO & BARAK LLC, and MR. COOPER,

                      Defendants.

-------------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
20-CV-2187 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Victory Asad El Bey, formerly known as Vinson McCrae, proceeding *pro se*, commenced the above-captioned action on May 14, 2020, against Defendants Nationstar Mortgage LLC ("Nationstar"), Shapiro DiCaro & Barak LLC, and Mr. Cooper, disputing a judgment of foreclosure and sale of real property located at 176-10 129th Avenue, Jamaica, New York (the "Property") entered on February 18, 2020 in New York Supreme Court, Queens County, under Index No. 712187/2016 (the "State Foreclosure Action"). (Compl. 7, Docket Entry No. 1.)[1] Because, as explained below, the Court lacks subject matter jurisdiction, the Court dismisses the Complaint and grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint.

**I. Background**

      The Court assumes the truth of the factual allegations in the Complaint for purposes of this Memorandum and Order.

---

[1] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

Plaintiff attaches to his form Complaint an Order Confirming Referee Report and Judgment of Foreclosure and Sale that was signed by a judge in the State Foreclosure Action and filed and recorded in the Queens County Clerk's Office on February 18, 2020 (the "Foreclosure Judgment"). (Compl. 7.) According to the Foreclosure Judgment, on March 12, 2016, Defendant Nationstar initiated the State Foreclosure Action against Plaintiff and others in Queens County Supreme Court to foreclose on a mortgage on the Property. (*Id.* at 8.) On March 25, 2019, Nationstar moved for a judgment of foreclosure and sale, which the state court granted on February 18, 2020. (*See id.* at 8–17.)

Defendants are the mortgage company, its law firm, and an agent, Mr. Cooper,[2] apparently because of their involvement in the State Foreclosure Action. (*See id.* at 7–8, 13.) In the Complaint, Plaintiff alleges that Nationstar "never submitted the original note upon request ($375,031.00)," and asserts the following statement of claim:

> I am a Moor/Muur and have provided all necessary proof. I have received threatening letters and phone calls dates include 3/25/19, 5/22/19, 2/19/20. I (Pro Se) was never notified of court dates and decision was made. I am a creditor.

(*Id.* at 1, 5.) Plaintiff alleges that Nationstar "has taken the private property under extreme duress and threat of violence." (*Id.* at 6.) He seeks unspecified "damages in equity." (*Id.*)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the

---

[2] Plaintiff does not provide Mr. Cooper's full name. Mr. Cooper appears to be the law firm's agent responsible for submitting an affidavit of merit and amount due in the State Foreclosure Action. (Compl. 8.)

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

In addition, if the court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

      **b.    The Court lacks subject matter jurisdiction**

Because Plaintiff seeks to challenge the state court's final Foreclosure Judgment, his claim is barred by the *Rooker-Feldman* doctrine.

In *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 415–16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983), the Supreme Court held that federal district courts lack subject matter jurisdiction over disputes where a plaintiff essentially seeks review of a state-court decision. *Feldman*, 460 U.S. at 482 ("[A] United States District Court has no authority to review final judgments of a state court in judicial

3

proceedings."); *Rooker*, 263 U.S. at 416 (holding that "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors"); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005) (holding that *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) ("Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." (citing *Exxon Mobil Corp.*, 544 U.S. at 284)). "Underlying the *Rooker-Feldman* doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005); *Vossbrinck*, 773 F.3d at 426 ("The doctrine is rooted in the principle that appellate jurisdiction to reverse or modify a state-court judgment is lodged exclusively in the Supreme Court." (alteration, citation and internal quotation marks omitted)).

In order for the *Rooker-Feldman* doctrine to apply, the following four-part test must be satisfied: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state[-]court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Vosbrinck*, 773 F.3d at 426 (alterations and internal quotation marks omitted) (quoting *Hoblock*, 422 F.3d at 85); *see also McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) (outlining the *Rooker-Feldman* test).

Plaintiff appears to challenge the Foreclosure Judgment entered on February 18, 2020, by asserting that he was "never notified of court dates and decision," and further asserting that Nationstar "has taken the private property." (Compl. 6.) To the extent Plaintiff is seeking to either set aside the Foreclosure Judgment or seek damages because Nationstar foreclosed on the Property, his claim is barred by the *Rooker-Feldman* doctrine because (1) Plaintiff lost in the State Foreclosure Action which resulted in the Foreclosure Judgment; (2) Plaintiff's alleged injuries stem directly from the Foreclosure Judgment — his loss of the Property; (3) Plaintiff's federal Complaint invites review of the state court Foreclosure Judgment; and (4) Plaintiff filed this action on May 14, 2020, approximately three months after the Foreclosure Judgment had been filed and entered by the County Clerk's office. (*See* Compl.) Because Plaintiff's injury stems from the adverse Foreclosure Judgment, review of that judgment is precluded under *Rooker-Feldman*. *See Vossbrinck*, 773 F.3d at 427 ("To the extent [the plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker–Feldman* bars [his] claim.").[3]

However, because Plaintiff seeks monetary damages, but does not specify the basis for the damages (Plaintiff seeks "damages in equity," and also alleges that he is a "creditor"), broadly construing the allegations as asserting a claim that may not necessarily require the Court

---

[3] Plaintiff's reference to the "Treaty of Peace and Friendship," (Compl. 4), does not change this conclusion. *See, e.g., Bey v. Barnett*, No. 18-CV-3935, 2018 WL 5830815, at *1 (E.D.N.Y. Nov. 7, 2018) (finding in a case challenging family court proceedings that neither the plaintiff's reliance on the Treaty of Peace and Friendship nor the proposed Sundry Free Moors Act of 2012 provided the court with jurisdiction); *El v. O'Brien*, No. 12-CV-01793, 2012 WL 2367096, at *3 (E.D.N.Y. June 20, 2012) (finding that the Treaty of Peace and Friendship "simply has no relevance to [the p]laintiff's or [the d]efendants' rights or obligations with respect to a mortgage or property located in this state"); *Bey v. City of Rochester*, No. 11-CV-6457, 2012 WL 1565636, at *7 (W.D.N.Y. Apr. 30, 2012) (dismissing as frivolous the plaintiffs' claim against the city's foreclosure of their property based on Treaty of Peace and Friendship and references to the Rights of Indigenous Peoples).

to review the state court's Foreclosure Judgment, the Court grants Plaintiff leave to amend the Complaint. *See Vossbrinck*, 773 F.3d at 427; *Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co.*, 664 F. App'x 20, 21 (2d Cir. 2016) ("The *Rooker–Feldman* doctrine does not prevent a district court from reviewing a claim for damages stemming from an allegedly fraudulent foreclosure judgment, because the district court can determine damages liability without reviewing the propriety of the state court judgment.").

Accordingly, to the extent Plaintiff seeks to challenge the Foreclosure Judgment, such a claim is barred by the *Rooker-Feldman* doctrine. To the extent Plaintiff is asserting a separate claim for damages that does not implicate the Foreclosure Judgment, the Court grants Plaintiff leave to file an amended complaint asserting such a claim. While a separate claim for damages may well be barred by claim or issue preclusion,[4] until Plaintiff has articulated his damages claim, the Court is unable to determine whether it is so barred.

If Plaintiff amends the Complaint to assert a damages claim, Plaintiff must identify a basis for the Court to exercise jurisdiction over any such claim. While Plaintiff identifies

---

[4] "The doctrine of *res judictata*, or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000); *Proctor v. LeClaire*, 715 F.3d 401, 411 (2d Cir. 2013). Under New York law, claim preclusion bars a claim where "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been raised, in the prior action." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015) (alterations and citation omitted). Relatedly, "[i]ssue preclusion, or collateral estoppel, . . . applies not to claims or to causes of action as a whole but rather to issues . . . ." *Proctor*, 715 F.3d at 414. "Under New York law, collateral estoppel bars claims where (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Abdelal v. Kelly*, 726 F. App'x 8, 11 (2d Cir. 2018) (quoting *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995).

diversity of citizenship as a basis for the Court's exercise of jurisdiction, Plaintiff also alleges that both he and Shapiro DiCaro & Barak LLC are residents of New York State, defeating diversity jurisdiction.  *See Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir. 2018) ("Diversity jurisdiction is present when there is complete diversity between the parties . . . ." (citing 28 U.S.C. § 1332(a))); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants.").

### III. Conclusion

For the reasons set forth above, the Court dismisses the Complaint for lack of subject matter jurisdiction.  The Court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint.  The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order.  If Plaintiff fails to file an amended complaint within thirty (30) days, the Court shall dismiss the action.  No summonses shall issue at this time, and all further proceedings shall be stayed for thirty (30) days.  The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff at the address of record.

Dated: May 28, 2020
       Brooklyn, New York

SO ORDERED:

     ___s/ MKB_____
     MARGO K. BRODIE
     United States District Judge