UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
VICTOR ASAD EL BEY f/k/a/ VINSON
McCRAE,

                Plaintiff,

      v.

NATIONSTAR MORTGAGE LLC, SHAPIRO,
DiCARO & BARAK LLC, and MR. COOPER,

                Defendants.
-----------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
20-CV-2187 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Victor Asad El Bey, formerly known as Vinson McCrae, proceeding *pro se*, commenced the above-captioned action on May 14, 2020, against Defendants Nationstar Mortgage LLC ("Nationstar"), Shapiro, DiCaro & Barak LLC, and Mr. Cooper, disputing a judgment of foreclosure and sale of real property located at 176-10 129th Avenue, Jamaica, New York ("the Property") entered on February 18, 2020, in New York Supreme Court, Queens County, under Index No. 712187/2016 (the "Foreclosure Judgment"). (Compl. 8, Docket Entry No. 1.) By Memorandum and Order dated May 28, 2020, the Court dismissed the action for lack of subject matter jurisdiction and granted Plaintiff leave to file an amended complaint (the "May 2020 Decision"). (May 2020 Decision 6, Docket Entry No. 3.) On June 15, 2020, Plaintiff filed an Amended Complaint. (Am. Compl., Docket Entry No. 5.)

      For the reasons set forth below, the Court dismisses the action for lack of subject matter jurisdiction.

**I. Discussion**

In the May 2020 Decision, the Court dismissed the original Complaint in this case for lack of subject matter jurisdiction because a challenge to a state court's foreclosure judgment is barred by the *Rooker-Feldman* doctrine. (May 2020 Decision 6); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923) (holding that "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors"); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005) (holding that *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (per curiam) ("Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." (citing *Exxon Mobil Corp.*, 544 U.S. at 284)). The Order stated:

> To the extent Plaintiff is seeking to either set aside the Foreclosure Judgment or seek damages because Nationstar foreclosed on the Property, his claim is barred by the *Rooker-Feldman* doctrine because (1) Plaintiff lost in the State Foreclosure Action which resulted in the Foreclosure Judgment; (2) Plaintiff's alleged injuries stem directly from the Foreclosure Judgment — his loss of the Property; (3) Plaintiff's federal Complaint invites review of the state court Foreclosure Judgment; and (4) Plaintiff filed this action on May 14, 2020, approximately three months after the Foreclosure Judgment had been filed and entered by the County Clerk's office. (*See* Compl.) Because Plaintiff's injury stems from the adverse Foreclosure Judgment, review of that judgment is precluded under *Rooker-Feldman*. *See Vossbrinck*, 773 F.3d at 427 ("To the extent [the plaintiff] asks the federal court to grant him title to his property

>> because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars [his] claim.").

(May 2020 Decision 5.)

However, broadly construing the *pro se* Complaint as possibly seeking to assert a money damages claim "that may not necessarily require the Court to review the state court's Foreclosure Judgment," (*id.* at 5–6), the Court granted Plaintiff leave to file an amended complaint "[t]o the extent Plaintiff is asserting a separate claim for damages that does not implicate the Foreclosure Judgment," (*id.* at 6). The May 2020 Decision further required Plaintiff to assert a basis for subject matter jurisdiction over the damages claim. (*Id.*) On June 15, 2020, Plaintiff submitted an Amended Complaint that states, in its entirety:

> Plaintiff[] propose[s] an Amended Complaint in the above-entitled cause.
>
> Plaintiff is a Moor/Muur (Living "natural" man).
>
> Plaintiff is a Secured Party Creditor.
>
> Plaintiff is seeking to have the cause dismissed:
>
> Defendants, upon information and belief, do[] not own the note and mortgage. Because ownership of the note and mortgage is an element of a foreclosure cause of action, Defendants had no right to foreclose.
>
> Plaintiff is seeking damages estimated at $500,000 dollars from defendants involved in the foreclosed process for Real Property, Private Property and legal fees.

(Am. Compl. 1.)

The Amended Complaint does not assert a claim over which this Court has subject matter jurisdiction. Like the original Complaint, the Amended Complaint seeks to have the state court's Foreclosure Judgment dismissed and seeks money damages "for Real Property, Private

3

Property[,] and legal fees" of $500,000 because Nationstar foreclosed on the Property. (*Id.*) Although Plaintiff specifies a dollar amount for the damages, he neither asserts a separate claim for damages that does not implicate the Foreclosure Judgment nor alleges a basis for this Court's subject matter jurisdiction. (*See id.*) Because Plaintiff is seeking to either set aside the Foreclosure Judgment or to receive damages because Nationstar foreclosed on the Property, his claim is barred by the *Rooker-Feldman* doctrine. *See Vossbrinck*, 773 F.3d at 427.

## II. Conclusion

The Amended Complaint fails to assert a valid basis for this Court's subject matter jurisdiction. Accordingly, the Court dismisses this action without prejudice pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff at the address of record and close this case.

Dated: December 10, 2020
      Brooklyn, New York

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge